IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SD3, LLC<br>9564 S.W. Tualatin Road<br>Tualatin, Oregon 97062<br><br>   Plaintiff,<br><br>   v.<br><br>DAVID KAPPOS,<br>Director, U. S. Patent and Trademark Office<br>c/o Office of the General Counsel<br>600 Dulany Street<br>Madison Building East, Room 10B20<br>Alexandria, VA 22314<br><br>   Defendant. | Civil Case No. _____ |

## COMPLAINT

Plaintiff SD3, LLC, makes the following complaint against David Kappos, Director of the United States Patent and Trademark Office:

### Jurisdiction and Venue

1. This court has jurisdiction and venue pursuant to 35 U.S.C. § 145.

### Parties

2. Plaintiff SD3, LLC is a limited liability company organized under the laws of Oregon with a principal place of business at 9564 S.W. Tualatin Road, Tualatin, Oregon 97062. SD3 is the owner by assignment of U.S. Patent Application Serial No.10/146,527, titled "Band Saw With Improved Safety System" (the '527 patent application). The '527 patent application names Stephen F. Gass as inventor.

3.   Defendant David Kappos is the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office, acting in his official capacity.

## The Action

4.   This is a civil action against the Director of the U.S. Patent and Trademark Office to remedy a decision of the Board of Patent Appeals and Interferences (the Board) in connection with the '527 patent application.

5.   The '527 patent application relates to band saws equipped with new safety technology. The safety technology detects an unsafe condition between a person and the blade of the saw, such as accidental contact with the blade, and stops the blade within 10 milliseconds after detection of the unsafe condition to mitigate any injury.

6.   The Board affirmed-in-part a rejection of the '527 patent application in a decision dated August 21, 2009. Specifically, the Board affirmed the rejection of claim 1 from the '527 patent application and reversed the rejection of claims 2, 3, 5-9 and 19.

7.   Plaintiff is dissatisfied with the Board's decision to affirm the rejection of claim 1 from the '527 patent application and is filing this civil action to remedy that decision. The Board's decision misapplied the law of enablement and failed to consider evidence establishing the non-enablement of Friemann (US Patent 3,858,095).

8.   Plaintiff has not appealed the Board's decision to the U.S. Court of Appeal for the Federal Circuit.

9.   This complaint is being filed within two months of the Board's decision.

WHEREFORE, Plaintiff prays for a judgment:

1. Reversing the Board's decision dated August 21, 2009 affirming the rejection of claim 1 from the '527 patent application;

2. Adjudging that SD3 is entitled to receive a patent for the invention recited in claim 1 of the '527 patent application and authorizing the Director to issue such patent on compliance with the requirements of law; and

3. For such other relief as the court deems proper.

Respectfully submitted,

Date: 9/21/09

Burt Braverman (D.C. Bar No. 178376)
Amber L. Husbands (D.C. Bar No. 481565)
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue, NW
Suite 200
Washington, DC 20006-3402
(202) 973-4200
(202) 973-4499 facsimile

*Attorneys for Plaintiff SD3, LLC*